IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| EMPLOYERS INSURANCE COMPANY OF WAUSAU, | Civil Action No.: 1:20-cv-6942 |
| Plaintiff, | Judge Valerie E. Caproni |
| v. | |
| 616 FIRST AVENUE LLC, FOURTH AVENUE PROPERTY OWNER LLC, AND 514 WEST 24TH OWNER LLC, | |
| Defendants. | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
THEIR MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY
THIS ACTION IN FAVOR OF THE WISCONSIN STATE COURT ACTION**

**Dated:**  September 24, 2020

# I. <u>INTRODUCTION</u>

The Supreme Court has long criticized the very thing Plaintiff Employers Insurance Company of Wausau ("Employers") has done here, to wit: filing a declaratory judgment action in the face of a parallel state court action. *Brillhart v. Excess Ins. Co. of Am.,* 316 U.S. 491, 494 (1942). Thus, this Court should abstain from jurisdiction and dismiss this case pursuant to Fed. R. Civ. P. 12(b)(1). Allowing this declaratory judgment case—which Employers filed six weeks after a parallel state court action was filed, evidently for the sole purpose of shopping this case to a forum that it believes may be more favorable to its position—would cause the "vexatious" waste of judicial resources and "gratuitous interference" the federal court system does not condone. *Brillhart*, 316 U.S. at 494-95; *see also Wilton v Seven Falls Co.*, 515 U.S. 277, 288 (1995); *Travelers Indem. Co. v Philips Elecs. N. Am. Corp.*, No. 02 Civ. 9800 (WHP), 2004 WL 193564, at *2-3 (S.D.N.Y. Feb. 3, 2004); *Great Am. Ins. Co. v. Houston Gen. Ins. Co.*, 735 F. Supp. 581, 586 (S.D.N.Y. 1990).

# II. <u>PROCEDURAL BACKGROUND</u>

On July 15, 2020, Defendants 616 First Avenue LLC, Fourth Avenue Property Owner LLC, and 514 West 24th Owner LLC (collectively, "Policyholders" or "Defendant") filed an insurance coverage action in Wisconsin state court against Plaintiff Employers Insurance Company of Wausau—a Wisconsin corporation (the "Wisconsin Action") (Doc. 1-002). In the Wisconsin Action, the Policyholders allege breach of contract and seek declaratory relief based on the decision of Employers' Wisconsin-based claims adjuster, to deny coverage for the Policyholders' losses resulting from COVID-19 and the related closure orders issued by civil authorities.

On August 27, 2020—approximately six weeks after the Wisconsin Action was filed and served—Employers chose to sue the Policyholders in this declaratory judgment action *regarding the same insurance dispute* (the "New York Action").   The following day, on August 28, Employers moved to stay the Wisconsin Action in favor of this later-filed action (Wisc. Dkt. No. 13) (Exhibit 1).

On August 31, 2020, Employers answered the Wisconsin Complaint and filed its affirmative defenses (Wisc. Dkt. No. 15) (Exhibit 2).   Employers also moved for *pro hac vice* admission of its lead national counsel in the Wisconsin Action on September 3, 2020, which the Wisconsin court granted that same day (Wisc. Dkt. No. 21) (Exhibit 3).

On September 18, 2020, the Policyholders filed their opposition to Employers' motion to stay (Wisc. Dkt. No. 23) (Exhibit 4).   The Wisconsin court held an initial hearing on Monday, September 21, and entered an order setting Employers' motion to stay for hearing, via Zoom, on Wednesday November 11, 2020 (Wisc. Dkt. No. 49) (Exhibit 5).

In its motion to stay the Wisconsin Action, Employers confirmed that the earlier-filed Wisconsin Action is "substantially identical" to the later-filed New York Action:

> Although not expressly enumerated in the statute, the court may also consider whether the alternative forum is "substantially identical" to the Wisconsin forum wherein the movant seeks a stay, *i.e.,* whether the New York Action has the same parties (it does), addresses the same issues and provisions in the Policy (it does), and otherwise will permit a meaningfully similar proceeding (it shall).

(Wisc. Dkt. No. 13) (Exhibit 1 at 4, 11, "[t]he New York Action is substantially identical to the [Wisconsin Action]).[1]

---

[1] *See also* Employers' Answer to the Wisconsin Action at 39 (Wisc. Dkt. No. 15) (Exhibit 2).  ("[T]there is a separate action involving the ***same issues*** and ***same parties*** pending in the Federal District Court for the Southern District of New York.") (emphasis added).

### III. RELEVANT FACTS

Employers is an insurance company organized under the laws of the State of Wisconsin. (Doc. 1 at ¶ 8).  In 2019, Policyholders purchased "all risk" property coverage from Employers to protect Policyholders and their businesses in the event that they suddenly had to suspend operations at their properties for reasons outside of their control, or if they had to act to otherwise prevent further property damage. (Doc. 1–001).  In early 2020, Policyholders incurred just such a loss:  they were forced to suspend construction and/or incur substantially reduced business operations at three of their insured properties due to the COVID-19 pandemic and the resultant closure orders issued by civil authorities. (Doc. 1–002).

On or about April 2, 2020, Policyholders submitted a claim for this loss under the policy that Employers sold to Policyholders. (Doc. 1–002 at ¶ 59). Employers' Wisconsin-based claims adjuster, denied the claim leading to Policyholders filing the Wisconsin Action. (Doc. 1–015).

### IV. ARGUMENT

A district court has discretion to decline jurisdiction in a case where the only cause of action is for declaratory relief.  *See Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942); *Hartford Accident & Indem. Co. v. Hop–On International Corp.,* 568 F. Supp. 1569, 1571-72 (S.D.N.Y. 1983); *Sturge v Diversified Transp. Corp.*, 772 F. Supp. 183, 186 (S.D.N.Y. 1991).  As the United States Supreme Court explained in *Brillhart*:  "[o]rdinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Brillhart*, 316 U.S. at 494-95; *see also Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995).

In *Travelers Indemnity Co. v Philips Electronics North American Corp.*, this Court summarized some of the non-exhaustive factors the United States Supreme Court has articulated to determine whether a district court should decline jurisdiction or to stay the proceeding:

> In determining whether to invoke the doctrine of abstention in the context of a declaratory judgment action where there exists a concurrent state court action, a district court must "ascertain whether the questions in controversy between the parties to the federal suit ... can better be settled in the proceeding pending in the state court." *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942). The non-exclusive factors to be considered by a district court in the exercise of its discretion include: (1) the scope of the pending state proceeding and the nature of the defenses available there; (2) whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding; (3) whether the necessary parties have been joined; (4) whether such parties are amenable to process in that proceeding; (5) avoiding duplicative proceedings; (6) avoiding forum shopping; (7) the relative convenience of the fora; (8) the order of filing; and (9) choice of law. *Wilton*, 515 U.S. at 282–83; *Brillhart*, 316 U.S. at 495.

*Travelers Indem. Co. v Philips Elecs. N. Am. Corp.*, No. 02 Civ. 9800 (WHP), 2004 WL 193564, at *2-3 (S.D.N.Y. Feb. 3, 2004) (dismissing federal action in favor of Illinois state-court action filed six weeks earlier). In *Travelers*, the court further recognized that district courts "routinely invoke the doctrine of abstention in insurance coverage actions," like this action, because insurance coverage actions often do not involve federal law. *Id.*, at *2 (collecting cases); *see also Ace Am. Ins. Co. v. Graftech Int'l Ltd.*, No. 12-CV-6355 RA, 2014 WL 2884681, at *4 (S.D.N.Y. Jun. 24, 2014) ("Indeed, courts in this district have routinely abstained from deciding declaratory judgment actions brought by insurers in favor of parallel state court actions involving the same parties and policies."). The same outcome is warranted here.

In addition, this Court has explained that a declaratory judgment action should be dismissed where, as here, one of the parties (Employers) is attempting to use a declaratory judgment for a procedural advantage. *E.g., Great Am. Ins. Co. v. Houston Gen. Ins. Co.*, 735 F. Supp. 581, 586 (S.D.N.Y. 1990) ("[T]he misuse of the Declaratory Judgment Act to gain a procedural advantage

and preempt the forum choice of the plaintiff in the coercive action militates in favor of dismissing the declaratory judgment action.").

Here, dismissal is appropriate in favor of the earlier-filed Wisconsin Action. As Employers has admitted in both its Answer and in its Motion to Stay the Wisconsin Action, the Wisconsin and New York Actions are "substantially identical" (Wisc. Dkt. No. 13) (Exhibit 1 at 4) because they involve: (1) the same parties; and (2) address the same issues and provisions in the Employers Policy. *Id.* Employers can raise all of the claims that raises in the New York Action in the Wisconsin Action by way of defenses, affirmative defenses, and/or counterclaims. In fact, Employers has *already* asserted fifteen affirmative defenses in the Wisconsin Action. (Wisc. Dkt. No. 15) (Exhibit 2). The Wisconsin Action is also broader than the New York Action, because the Wisconsin Action involves breach of contract *and* declaratory judgment claims, whereas the New York Action involves only a single declaratory judgment claim. *TIG Ins. Co. v Fairchild Corp.*, 07 CIV. 8250 (JGK), 2008 WL 2198087, at *4 (SDNY May 27, 2008) ("All else being equal, reducing the number of court proceedings involved with any given issue entails a more efficient use of judicial resources."). Moreover, the Wisconsin Action was filed and served first (by approximately six weeks), Employers is amenable and has already submitted to process in Wisconsin (because it is a Wisconsin insurance company), and all necessary parties have been joined (*i.e.,* the Policyholders and Employers). Further, because New York law (rather than federal law) will govern this dispute, that factor, too, weights in favor of abstention. *E.g., Ace Am. Ins. Co.*, 2014 WL 2884681, at *7 ("Neither party argues that Ohio law should govern the interpretation of the ACE policies. Nevertheless, Courts in this district have found the fact that 'state law, not federal law, will govern the resolution ... weigh[s] heavily in favor of abstention.'") (internal citations omitted).

When it comes to convenience, New York is not a more convenient forum than Wisconsin for this action. First, the Policyholders (who are the only New York citizens in this case), *chose* to file suit in Wisconsin and are willing to produce their employees and other witnesses (including experts) there. Employers, for its part, *is* a Wisconsin-domiciled insurance company, whose claims adjuster assigned to this matter is also based in Wisconsin. There is no "inconvenience" in requiring a Wisconsin insurance company to litigate and produce its witnesses and evidence for trial in its home state.

Second, the location of "relevant documents," does not weigh in favor of New York. As an initial matter, all of the Policyholders' claims in the Wisconsin Action—for breach of contract and declaratory judgment—emanate from the decisions that Employers made in Wisconsin. It was Employers' personnel working in Wisconsin who made the claims decision for which the Policyholders now seek damages and declaratory relief. Moreover, to the extent that some documents do exist in New York, that factor should be given minimal weight—if any weight at all—because technological advancements have generally rendered the location of evidence factor neutral in determining the convenience of a forum. *E.g.*, *Amorphous v. Flipboard, Inc.*, No. 15 CIV. 5802 (KPF), 2016 WL 1651868, at *4 (S.D.N.Y. Apr. 26, 2016).

Third, any alleged "complexities" involving interstate third-party discovery should also be given minimal weight, at most. Under the Uniform Interstate Deposition and Discovery Act, a litigant may obtain an out-of-state subpoena (in this case, a Wisconsin subpoena) and submit that subpoena to the New York county in which discovery is sought. *See* N.Y. C.P.L.R. 3119 (b)(1). The New York clerk will then issue a New York subpoena to be served on the New York resident. N.Y. C.P.L.R. 3119 (b)(2). This is a straightforward process that is commonly used in many commercial disputes. Likewise, Employers can use videotaped depositions for any third-party

testimony that it wishes to use at trial but cannot compel attendance for live testimony. *See* Wis. Stat. § 804.07(1)(c)(1.)(b.); *see also Fujitsu Ltd. v. Netgear, Inc.*, No. 07-CV-710-BBC, 2008 WL 2540602, at *3 (W.D. Wis. Apr. 4, 2008) ("The testimony of the witnesses from third-party defendants, Atheros Communication, Inc. and Marvell Semiconductor, Inc., can be recorded by videotape depositions that can be used at trial. Therefore, in this suit, the location of non-party witnesses is another neutral factor in determining the convenience of the transferee forum.").

Finally, and one of the enumerated factors from the *Wilton* decision and expanded on by this Court in *Great Am. Ins. Co.,* is preventing declaratory judgments from being used to forum shop or for procedural gamesmanship—which is exactly what Employers is doing here. Employers, being unable to remove the Wisconsin Action to federal court because Wisconsin is Employers' home state, has attempted to gain what it believes to be a procedural advantage that will inure to its strategic benefit by filing this admittedly "substantially identical" lawsuit six weeks after Policyholders filed the Wisconsin Action.[2]

Employers' gamesmanship is underscored by its procedural antics in the Wisconsin Action. In addition to filing the present action, Employers moved to stay the Wisconsin Action, presumably to distinguish this case from other cases that have granted dismissal motions based on abstention grounds. Indeed, but-for Employers' sharp tactical machinations, discovery would have already started in the Wisconsin Action and the case would be further advanced. Employers' calculated procedural filings in the Wisconsin Action should be seen for what they are, a tactical façade.

---

[2] Had Employers filed their New York action in the Supreme Court of New York, rather than in this Court, CPLR 3211(a)(4) would likely have required dismissing the case in favor of the first-filed Wisconsin Action. *E.g., Seneca Specialty Ins. Co. v. T.B.D. Capital, LLC,* 143 A.D.3d 971, 972, 40 N.Y.S.3d 450, 451 (2d Dep't 2016) ("[G]enerally the courts of this state follow the first-in-time rule, meaning that 'the court which has first taken jurisdiction is the one in which the matter should be determined and it is a violation of the rules of comity to interfere.'") (internal citations omitted).

Examining Employers' strategic abuse of process—particularly against the flood of the above-cited jurisprudence prohibiting such conduct—confirms that this Court should abstain from accepting jurisdiction over this action and dismiss Employers' Complaint. Doing so will avoid duplicative proceedings, conserve the resources of the parties and the Court, and prevent Employers' procedural gamesmanship and forum shopping.

## V. CONCLUSION

For the foregoing reasons, this Court should dismiss the present action in favor of the first-filed Wisconsin Action.  In the alternative, if the Court does not dismiss this action, it should stay it in favor of the pending Wisconsin Action.

Dated: September 24, 2020                      Respectfully submitted,

_/s/Greg G. Gutzler_
Greg G. Gutzler
**DiCELLO LEVITT GUTZLER LLC**
444 Madison Avenue, Fourth Floor
New York, New York  10022
Telephone:  646-933-1000
ggutzler@dicellolevitt.com

Adam J. Levitt*
**DiCELLO LEVITT GUTZLER LLC**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois  60602
Telephone:  312-214-7900
alevitt@dicellolevitt.com

Mark A. DiCello
**DiCELLO LEVITT GUTZLER LLC**
Western Reserve Law Building
7556 Mentor Avenue
Mentor, Ohio  44060
Telephone:  440-953-8888
madicello@dicellolevitt.com

Timothy W. Burns*
Jeff J. Bowen*
Jesse J. Bair*

Freya K. Bowen*
**BURNS BOWEN BAIR LLP**
One South Pinckney Street, Suite 930
Madison, Wisconsin  53703
Telephone:  608-286-2302
tburns@bbblawllp.com
jbowen@bbblawllp.com
jbair@bbblawllp.com
fbowen@bbblawllp.com

Mark Lanier*
Alex Brown*
Skip McBride*
**THE LANIER LAW FIRM PC**
10940 West Sam Houston Parkway North
Suite 100
Houston, Texas  77064
Telephone:  713-659-5200
WML@lanierlawfirm.com
alex.brown@lanierlawfirm.com
skip.mcbride@lanierlawfirm.com

Douglas Daniels*
**DANIELS & TREDENNICK**
6363 Woodway, Suite 700
Houston, Texas  77057
Telephone:  713-917-0024
douglas.daniels@dtlawyers.com

*Counsel for Defendants*

*Applications for admission *pro hac vice* to be filed

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby attests that, on September 24, 2020, he served a true and accurate

copy of the foregoing on all parties through this Court's ECF filing system.

<u>*/s/Greg G. Gutzler*</u>
Greg G. Gutzler
*Counsel for Defendants*
